[No. 23788. Department One. January 26, 1933.]

ELVER L. RICE, *Appellant*, v. F. D. HOFFER *et al.*, *Respondents.*[1]

*Wm. Sheller*, for appellant.

*Alex. McK. Vierhus*, for respondents.

PARKER, J.—The plaintiff, Rice, a wholesale jewelry merchant of Detroit, Michigan, seeks recovery of the sum of $284, claimed as the purchase price of an assortment of several dozen pieces of cheap jewelry sold by him to the defendants, Hoffer and wife, of the town of Edmonds, in Snohomish county, this state. The defense made by Hoffer and wife is fraud and misrepresentation on the part of Rice's salesman inducing them to enter into the purchase contract. Trial in the superior court for that county, sitting without a jury, resulted in findings and judgment denying to Rice any recovery, from which he has appealed to this court.

At the time in question, Hoffer and wife conducted a small restaurant and candy shop in Edmonds. Without any help, they did all their cooking and waiting upon their customers. Jewelry was wholly foreign to their business, and they had no experience in that line of merchandising. On June 17, 1930, one of Rice's salesmen came into their place of business and presented to Hoffer a proposition of selling them an assorted stock of cheap jewelry for retail in their business. The proposed sale order was wholly in a printed, stereotyped form, even as to the specifying of the number of pieces, their numbers being expressed in dozens or fractions thereof, and their respective prices per dozen, totaling $284.

Hoffer then signed the order so proposed by Rice's salesman. Soon thereafter, Rice shipped the goods to Hoffer by express. Thereafter, Hoffer returned them to Rice and refused to pay for them. Rice received the returned goods, but claims that he holds them subject to the order of Hoffer, and not otherwise.

The trial judge found in part that:

"The said sale was brought about by false and fraudulent statements and representations made by and on behalf of the said plaintiff falsely and fraudulently representing that by reason of observation and experience in respect to jewelry and the selling thereof which gave him particular knowledge of the subject, the plaintiff's agent knew that the jewelry to be furnished by plaintiff would sell readily in defendant's community and place of business; and falsely and fraudulently representing that the jewelry to be delivered by plain-

[1]Reported in 18 P. (2d) 510.

tiff to the defendants was of a kind, quality and value similar to the samples displayed to defendant by plaintiff's agent."

These findings and others more in detail, in harmony therewith, appear to us to be justified by the evidence. We think the cause does not call for further discussion by us.

The judgment is affirmed.

TOLMAN, MITCHELL, HOLCOMB, and MILLARD, JJ., concur.